IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NANCY SCHABELL,<br>      Plaintiff,<br><br>vs.<br><br>MICHIKO NOZAWA-JOFFE,<br>      Defendant. | Case No. 08 C 50018<br><br>Magistrate Judge<br>P. Michael Mahoney |

FILED
APR 27 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

This is a personal injury action arising under Illinois law. Plaintiff and Defendant were involved in a car accident on January 31, 2006. Plaintiff's complaint alleges that, as a result of the car accident, she suffered "devastating personal injuries, [and] has incurred and will continue to incur in the future medical expenses, wage loss, pain and suffering, disfigurement, and other disabling injuries." (Compl. ¶ 12.) Plaintiff stated in an interrogatory that she currently suffers from "memory loss, loss of concentration, transposing of numbers and letters when [she] reduce[s] such numbers and letters to writing, as well as difficulty in articulating numbers." (Def.'s Resp. Ex. C.) She also stated that she suffers "headaches, weight loss and other medical problems." (*Id.*)

Defendant seeks the production of medical notes from Rockford Sexual Assault Counseling, Inc. ("RSAC") dated from February 1, 2006 to February 1, 2008. Under Rule 26, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" *Fed. R. Civ. P.* 26(b). Illinois law governs the issue of privilege in this

1

diversity case. *See Brown et al. v. Overhead Door Corp.*, No. 06-C50107, 2008 WL 1924885, 2008 U.S. Dist. LEXIS 34879, at *3 (N.D. Ill. Apr. 29, 2008) (Mahoney, M.J.).

Plaintiff objects to the court conducting an in camera inspection of the documents. Plaintiff asserts that the documents are privileged under two, independent, Illinois statutes. Plaintiff argues that the privileges are absolute, and that even an in camera inspection is inappropriate. However, pending a decision from this court that an in camera inspection is appropriate, Plaintiff has submitted the documents to the court.

Defendant has also submitted medical documents from various sources to the court for an in camera inspection. These documents were produced by Plaintiff during discovery, and contain potentially sensitive information. Defendant and Plaintiff agree that these documents might help the court determine the relevancy of the RSAC documents. There has been no privilege asserted with respect to the documents submitted by Defendant.

Plaintiff first argues that 735 *Ill. Comp. Stat.* 5/8-802.1, entitled Confidentiality of Statements Made to Rape Crisis Personnel, provides an absolute privilege against discovering the documents from Rockford Sexual Assault Counseling. The statute states the following:

> (a) Purpose. This Section is intended to protect victims of rape from public disclosure of statements they make in confidence to counselors of organizations established to help them. On or after July 1, 1984, "rape" means an act of forced sexual penetration or sexual conduct, as defined in Section 12-12 of the Criminal Code of 1961, as amended, including acts prohibited under Sections 12-13 through 12-16 of the Criminal Code of 1961, as amended. Because of the fear and stigma that often results from those crimes, many victims hesitate to seek help even where it is available at no cost to them. As a result they not only fail to receive needed medical care and emergency counseling, but may lack the psychological support necessary to report the crime and aid police in preventing future crimes.

735 *Ill. Comp. Stat.* 5/8-802.1(a). To effectuate that purpose, the statute states that "no rape

crisis counselor shall disclose any confidential communication or be examined as a witness in any civil or criminal proceeding as to any confidential communication without the written consent of the victim or a representative of the victim[.]" 735 *Ill. Comp. Stat.* 5/8-802.1(d).

The statute defines a "rape crisis organization" as any organization "the major purpose of which is providing information, counseling, and psychological support to victims of any or all of the crimes of aggravated criminal sexual assault, predatory criminal sexual assault of a child, criminal sexual assault, sexual relations between siblings, criminal sexual abuse and aggravated criminal sexual abuse." 735 *Ill. Comp. Stat.* 5/8-802.1(b)(1). A "rape crisis counselor" is "a person who is a psychologist, social worker, employee, or volunteer in any organization or association defined as a rape crisis organization under this Section, who has undergone 40 hours of training and is under the control of a direct services supervisor of a rape crisis organization." 735 *Ill. Comp. Stat.* 5/8-802.1(b)(2). A "victim" is the following:

> [A] person who is the subject of, or who seeks information, counseling, or advocacy services as a result of an aggravated criminal sexual assault, predatory criminal sexual assault of a child, criminal sexual assault, sexual relations within families, criminal sexual abuse, aggravated criminal sexual abuse, sexual exploitation of a child, indecent solicitation of a child, public indecency, exploitation of a child, or an attempt to commit any of these offenses.

735 *Ill. Comp. Stat.* 5/8-802.1(b)(3). Finally, "confidential communication" includes "all records kept by the counselor or by the organization in the course of providing services to an alleged victim concerning the alleged victim and the services provided." 735 *Ill. Comp. Stat.* 5/8-802.1(b)(4).

RSAC "provides 24-hour crisis intervention counseling services and advocacy support for survivors of sexual assault and sexual abuse[.]" RSAC, http://www.rsaconline.org/index.html

3

(last visited Apr. 22, 2010). RSAC defines "sexual assault" as the following: "[A]ny type of sexual activity that is unwanted, by someone to whom you have not given your consent. A sexual assault may include the use of physical force, threats or intimidation. Sexual assault is a crime." RSAC, *Frequently Asked Questions*, http://www.rsaconline.org/faqs.html (last visited Apr. 22, 2010). Because RSAC is an organization the major purpose of which is to provide information, counseling, and psychological support to victims of crimes of sexual assault, RSAC meets the definition of a "rape crisis organization" under section 8-802.1(b)(1).

All volunteers at RSAC undergo a 40 hour training session. RSAC, *Volunteer Opportunities*, http://www.rsaconline.org/volunteer.html (last visited Apr. 22, 2010). Thus, the counselor with whom Plaintiff spoke at RSAC would have undergone at least 40 hours of training. It also appears that she reported to a direct services supervisor. She meets the definition of "rape crisis counselor" under section 8-802.1(b)(2).

Plaintiff represents in her Reply that RSAC counseled her for "a number of years relating to episodes of sexual assault and abuse," and that Plaintiff "sought counseling as a result of 'criminal sexual assault,' 'criminal sexual abuse' or 'an attempt to commit' criminal sexual assault or abuse." (Pl.'s Reply 1–2.) Therefore, Plaintiff squarely meets the definition of "victim" under section 8-802.1(b)(3).

Section 8-802.1 safeguards from exposure "all records kept by the counselor or by the organization in the course of providing services to an alleged victim concerning the alleged victim and the services provided." 735 *Ill. Comp. Stat.* 5/8-802.1(b)(4). The records kept by RSAC in providing counseling to Plaintiff are the type of records contemplated by the privilege

4

codified in the statute. Protecting the records from discovery serves the purpose of the statute, as enunciated in section 802.1(a). The privilege is an absolute privilege, *People v. Foggy*, 121 Ill. 2d 337, 521 N.E.2d 86, 91 (Ill. 1998), and the records are thus undiscoverable in this case.

The second statute under which Plaintiff claims that the documents enjoy an absolute privilege is the Mental Health and Developmental Disabilities Confidentiality Act ("The Act"). The Act provides that, "in any civil . . . proceeding, or in any proceeding preliminary thereto, a recipient, and a therapist on behalf and in the interest of a recipient, has the privilege to refuse to disclose and to prevent the disclosure of the recipient's record of communications." 740 *Ill. Comp. Stat.* 110/10(a). The Act further provides for waiver of its privilege:

> Records and communications may be disclosed in a civil, criminal or administrative proceeding in which the recipient introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense, if and only to the extent the court in which the proceedings have been brought . . . finds, after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm.

740 *Ill. Comp. Stat.* 110/10(a)(1). The statute states that in any action "in which pain and suffering is an element of the claim, mental condition shall not be deemed to be introduced merely by making such claim and shall be deemed to be introduced only if the recipient or a witness on his behalf first testifies concerning the record or communication." *Id.*

In this case, the court has already found that the documents from RSAC are absolutely privileged under 735 *Ill. Comp. Stat.* 5/8-802.1. Thus, it is unnecessary for the court to determine at this time whether Plaintiff has put her mental condition at issue such that she

waived her privilege regarding the documents from RSAC under The Act.

For the above reasons, Plaintiff's objection to the court's in camera inspection is sustained pursuant to 735 *Ill. Comp. Stat.* 5/8-802.1. The court will return the documents from RSAC to Plaintiff's attorney. Plaintiff's attorney is to maintain those documents for the duration of this litigation.

Because the court finds that the RSAC documents are subject to an absolute privilege, there does not appear to be any reason for the court to retain the medical documents submitted by Defendant. There has been no privilege asserted with respect to those documents. The court will return the medical documents to Defendant's attorney. Defendant's attorney is to maintain those documents for the duration of this litigation.

**ENTER:**

P. MICHAEL MAHONEY, MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

DATE: 4/27/10